UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Kinsey & Kinsey, Inc.     )
  Plaintiff,       )
            )  Case No. 25-cv-6212
v.          )
            )  Hon. Sharon Johnson Coleman
Philadelphia Indemnity Insurance Co. )
  Defendant.     )  Oral Argument Requested

**DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Comes now Philadelphia Indemnity Insurance Company ("PIIC") and for its memorandum in support of its motion for judgment on the pleadings states the following:

## I. Introduction

In this coverage lawsuit, Kinsey & Kinsey ("Kinsey") seeks damages against its insurer, Philadelphia Indemnity Insurance Company ("PIIC"), for the amount Kinsey paid Bellin Memorial Hospital ("Bellin") to settle Bellin's judgment against Kinsey for breach of contract (the "Wisconsin Judgment") arising out of an underlying lawsuit in the Circuit Court for Brown County, Wisconsin, in Case No. 2018-CV-348 (the "Wisconsin Lawsuit").

Kinsey's claims in this lawsuit are barred by collateral estoppel, res judicata, the compulsory counterclaim rule, and the rule against splitting a cause of action because Kinsey had the opportunity to raise all claims relating to coverage in a declaratory relief action brought by PIIC against Kinsey and Bellin in Case No. 1:22-cv-02246 (hereafter, the "Dec Action"). In the Dec Action, this Court held that the Wisconsin Judgment was not covered by the policy PIIC issued to Kinsey (the "2016 Policy"). The Seventh Circuit affirmed that decision.

In the Dec Action, Kinsey filed a counter/crossclaim against PIIC and Bellin. Kinsey's claims against PIIC in this action were compulsory counterclaims in the Dec Action because

1

Kinsey's claims arose out of the same transaction or occurrence as PIIC's claim against Kinsey and Bellin. Kinsey's claims are barred by res judicata. Further, Kinsey's claims in this lawsuit arose out of the same transaction or occurrence as the counterclaim Kinsey did bring in the Dec Action. Kinsey's claims are barred by the rule against claim splitting. Kinsey's claims were ripe for determination and, as reflected in the filings in the Dec Action, Kinsey knew it had additional claims against PIIC arising out of the 2016 Policy and a settlement agreement entered between Bellin and another one of PIIC's insureds, Brian Thome, (the "Thome Settlement")[1]. Kinsey and a full and fair opportunity to assert all its coverage claims against PIIC. Kinsey chose not to timely assert its claims. Therefore, Kinsey is estopped from bringing its claims in this lawsuit under the doctrine of res judicata and the rule against claim splitting.

## II. Background

### A. Kinsey's Allegations Against PIIC In This Case

Kinsey alleged that in 2018 Bellin filed suit in state court in Brown County, Wisconsin, against Kinsey, Brad Kinsey (one of the principals of Kinsey), and Brian Thome (an employee of Kinsey). Doc. 1-2 ¶7.[2] Kinsey & Kinsey, Brad Kinsey, and Brian Thome all qualified as insureds under the 2016 Policy. Doc. 1-2 ¶ 8.

Kinsey alleged that PIIC settled Bellin's claims against Brian Thome without Kinsey's consent. Doc. 1-2 ¶ 33. The Thome Settlement was attached as Exhibit C to PIIC's complaint in

---

[1] The Court can take judicial notice of the Thome Settlement without converting this motion into a motion for summary judgment. "Pleadings include the complaint, the answer, and any written instruments attached as exhibits," *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) (quotation marks omitted), though courts may also properly consider "documents incorporated by reference to the pleadings and ... take judicial notice of matters of public record," *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017) (quotation marks omitted). The operative set-off language of the Thome Settlement is quoted in the Memorandum and Order in the Dec Action. *See* Dec Action, Doc. 80 at 8, attached hereto as **Exhibit 1**.

[2] Citations to docket entries refer to docket entries in this case unless otherwise indicated.

the Dec Action and filed under seal. Dec Action, Docs. 1-3, 4. The Thome Settlement included a provision that PIIC's $1 million settlement payment would "provide a set-off to [Kinsey] and Brad Kinsey" to the "extent that either of them would incur any liability" to Bellin within the "scope of coverage provided under" PIIC's policy. Exhibit 1 at 8. PIIC considered the Bellin suit to present a single "claim" under the Policy against three insureds such that the maximum coverage available was $1 million. Doc. 1-2 ¶ 10. PIIC contended that the Thome Settlement exhausted the 2016 Policy. Doc. 1-2 ¶ 16.

In Count I of its complaint in this case, Kinsey alleged that PIIC breached the 2016 Policy by settling Bellin's counts against Kinsey's employee, Brian Thome, for the $1 million per-claim limit, without obtaining the consent of Kinsey for that settlement. Doc. 1-2 ¶ 35. Kinsey further alleged that because PIIC did not obtain Kinsey's consent for the settlement, the $1 million paid by PIIC in the settlement was outside the 2016 Policy and did not diminish the 2016 Policy's $1 million per-claim limit. Doc. 1-2 ¶ 36. Pled in the alternative, Count II of Kinsey's Complaint alleged that the counts by Bellin against Kinsey were covered by a separate $1 million per-claim limit of liability under the 2016 Policy that was not diminished by the Thome Settlement. Doc. 1-2 ¶ 43.

In support of its breach of contract claim, Kinsey alleged that, other than contending that the Thome Settlement had exhausted the 2016 Policy, PIIC did not assert any potential coverage defenses or otherwise reserve any rights to deny coverage for the counts that continued, including the breach of contract count. Doc. 1-2 ¶ 16.

PIIC has denied Kinsey's substantive claims.

**B.      The Declaratory Relief Action**

On April 29, 2022, PIIC filed a declaratory relief complaint against Bellin and Kinsey. PIIC attached to its complaint the 2016 Policy, the complaint filed in the Bellin Lawsuit, the Thome

3

Settlement, and the verdict and judgment in the Bellin Lawsuit. Dec Action, Doc. 1, attached hereto as **Exhibit 2**. PIIC sought an order declaring that the verdict and Judgment in the Bellin Lawsuit is an insured claim under the 2016 Policy and that the Thome Settlement operates to resolve any dispute between Bellin and Kinsey concerning the Judgment in the Bellin Lawsuit. Exhibit 2 at 4-5.

On May 4, 2022, Kinsey filed its Answer and counter/crossclaim against Bellin and PIIC. Dec Action, Doc. 10, attached hereto as **Exhibit 3**. Kinsey's counter/crossclaim contained a single count for a declaratory judgment that the Wisconsin Judgment was subject to a setoff of $1 million for the Thome Settlement. Exhibit 3 at 4-11. Kinsey also sought to enjoin Bellin from collecting on the Wisconsin Judgment. Exhibit 3 at 10-11. In its counter/crossclaim, Kinsey alleged that the 2016 Policy provided that no claim shall be settled without the consent of the insured (Kinsey), but Kinsey did not consent to the settlement with Thome. Exhibit 3 at 6. Thus, Kinsey raised its lack of consent argument in the Dec Action but did not assert a breach of contract claim against PIIC in that case. It waited until this case to assert its breach of contract claim based on the same lack of consent argument. In the Dec Action, Kinsey further alleged that PIIC accepted the defense of the lawsuit under the Policy and did not issue any reservation of rights. Exhibit 3 at 6. Kinsey alleged that the claim giving rise to the judgment was covered by the Policy because of PIIC's failure to reserve rights. Exhibit 3 at 7.

On May 6, 2022, Kinsey filed a motion for temporary restraining order against Bellin and PIIC to restrain Bellin from enforcing its judgment. Dec Action at Doc. 11, attached hereto as **Exhibit 4**. In its reply in support of its motion for a temporary restraining order, filed on May 25, 2022, Kinsey argued: "It is black letter law that if an insurer defends a lawsuit, and fails to either issue a reservation of rights or file a declaratory judgment action seeking a ruling that there is no

4

coverage, the lawsuit is deemed covered, as any potential coverage defenses are waived." Dec Action, Doc. 22 at 7, attached hereto as **Exhibit 5**. Kinsey asserted that PIIC defended the entire case from start to finish without asserting any coverage defenses.

On June 1, 2022, Bellin filed its motion to dismiss Kinsey's crossclaim. Dec Action, Doc. 27, attached hereto as **Exhibit 6**. Bellin argued that Kinsey's claim for declaratory relief should be dismissed because it is identical to, and duplicative of, PIIC's claim for declaratory relief. Exhibit 6 at 11-14. In its motion to dismiss, Bellin argued:

> As Kinsey has pleaded, [Kinsey] objected to PIIC's settlement on behalf of Thome. [Citation omitted.] Kinsey had consent rights to any settlement under the terms of the 2016 Policy. [Citation omitted.] It was a breach of contract for Philadelphia to enter into the Thome Settlement notwithstanding Kinsey's objection and without Kinsey's consent. As such, Philadelphia faces potential liability to Kinsey for entering into the Thome Settlement.

Exhibit 6 at 11-12.

On June 14, 2022, Bellin filed its motion for judgment on the pleadings. In its motion, Bellin argued that "[e]ven if Philadelphia waived coverage defenses by failing to reserve its rights, such waiver does not re-write the 2016 Policy. It merely limits the defenses that Philadelphia could raise if Kinsey ever sued for coverage." Dec Action, Doc. 30 at 11, attached hereto as **Exhibit 7**.

In response to Bellin's argument that Kinsey's cross and counterclaim are duplicative of PIIC's claim, Kinsey noted that PIIC named Kinsey as a Defendant. Dec Action, Doc. 49 at 11, attached hereto as **Exhibit 8**. Kinsey conceded that its counter/ crossclaim overlaps to some extent with PIIC's complaint but argued that different parties in different pleadings are allowed to seek similar relief. Exhibit 8 at 11. Kinsey argued as follows: "Yes, Kinsey & Kinsey and PIIC are in agreement that the Policy covers the judgment. Yes, Kinsey & Kinsey might well take the position, elsewhere, later, if appropriate, that PIIC should not have settled with Thome." Exhibit 8 at 12.

On September 9, 2022, PIIC filed its combined motion for judgment on the pleadings and response to Bellin's motion for judgment on the pleadings. In its combined motion, PIIC argued that "PIIC and Kinsey disagree as to the proper reading of the consent provision in the Policy (which Bellin misquotes in its brief to state that "Kinsey" must consent to a settlement, which is not how the consent provision reads)." Dec Action, Doc. 51 at 2-3, attached hereto as **Exhibit 9**.

On September 30, 2022, Kinsey filed its combined response to PIIC and Bellin's motions for judgment on the pleadings. In its combined response, Kinsey argued that PIIC's lack of a reservation of rights should be determinative of coverage. Dec Action, Doc. 60 at 5, attached hereto as **Exhibit 10**. Kinsey argued that "[w]hile Bellin is not a party to the Policy, there is no reason dictated by logic, fairness, or law why Bellin should not be bound by PIIC's coverage position." Exhibit 10 at 6.

The district court rejected Kinsey's argument that Bellin's judgment was "deemed covered" because of PIIC's decision to defend Kinsey without a reservation of rights. Exhibit 1 at 23 n.10. The district court held that since there was no indication in the state court case that the judgment against Kinsey arose from a negligent act, negligent error, or negligent omission, the state court judgment did not involve a covered claim within the meaning of the policy. Exhibit 1 at 21. The Seventh Circuit affirmed. *Philadelphia Indem. Ins. Co. v. Bellin Meml. Hosp.*, 126 F.4th 532 (7th Cir. 2025).

### III.    Argument

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party ... is entitled to judgment as a matter of law." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

In this lawsuit, Kinsey asserted two claims against PIIC for breach of contract: (1) there were two separate claims in the underlying case calling for two liability limits of $1 million each; and (2) PIIC breached the consent-to-settle provision. Kinsey's breach of contract claims are barred by collateral estoppel, res judicata, the compulsory counterclaim rule and the rule against splitting a cause of action because Kinsey was required to raise all claims relating to coverage in the Dec Action brought by PIIC against Kinsey and Bellin.

In the Dec Action, Kinsey filed a counter/crossclaim against PIIC and Bellin. Kinsey filed extensive briefing. Kinsey's claims against PIIC were compulsory because they arose out of the same transaction or occurrence as PIIC's claim against Kinsey and Bellin—application of the 2016 policy to Bellin's judgment and the Thome Settlement. *See* Exhibit 1 at 15 ("The issue boils down to whether the state court judgment is a "covered claim" within the meaning of the policy. Answering that question requires the Court to triangulate between the state court judgment, the insurance policy, and the settlement agreement."). Kinsey's claims were ripe for determination. In fact, Kinsey alleged that PIIC settled without Kinsey's consent and that PIIC waived its coverage defenses. Exhibit 3 at 6-7 (¶¶ 6, 7, 9). Kinsey had a full and fair opportunity to assert all its coverage claims against PIIC. Kinsey chose not to timely assert it claims and is estopped from splitting its cause of action.

**A.** **Kinsey's claims in the instant lawsuit were compulsory counterclaims in the declaratory relief action; therefore, Kinsey is barred from asserting its claims under the doctrine of res judicata.**

The res judicata effect of a prior judgment by a federal court sitting in diversity is governed by "federal common law," which provides for the application of the law of the state in which the federal court sits. *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Therefore, the state's res judicata law will apply, unless it "is incompatible with federal interests."

7

*Id*. at 509.[3] Here, Rule 13(a) of the Federal Rule of Civil Procedure, which governs compulsory counterclaims, incorporates Illinois' res judicata law because this Court exercised diversity jurisdiction over the Dec Action and Illinois' res judicata law is compatible with federal interests. *See Id*.

Under Illinois law, three requirements must be met for res judicata to bar a subsequent suit: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 302, 703 N.E.2d 883, 889 (1998). To determine whether the two suits involve the same cause of action, Illinois applies a transactional test. *Id*. "[S]eparate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id*. at 892-93. Although the Illinois rules of civil procedure treat counterclaims as permissive rather than mandatory, Illinois applies the common law rule of compulsory counterclaims. *Corcoran-Hakala v. Dowd*, 362 Ill.App.3d 523, 530, 840 N.E.2d 286, 293 (Ill. App. 2d Dist. 2005) (holding that claims were barred by res judicata because they arose out of the same operative facts as the prior litigation).

Rule 13(a) of the Federal Rule of Civil Procedure requires a party defending against any claim to bring as a compulsory counterclaim "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . .." Fed. R. Civ. P. 13(a); *Jupiter Aluminum Corp. v. Home Ins. Co.*, 181 F.R.D. 605, 607 (N.D. Ill. 1998) (reasoning that Rule 13(a) provides

---

[3] *See Semtek International*, 531 U.S. at 509 (explaining that federal courts' interest in the integrity of their own processes might justify a contrary federal rule if, for example, state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders.

that a counterclaim is compulsory if: (1) "if it arises out of the transaction or occurrence that is the subject of the opposing party's claim"; and (2) it existed at the time the pleading was filed). This requirement operates under the doctrine of res judicata to bar a party from suing on a claim that it should have brought as a compulsory counterclaim in a prior action. *Inforizons, Inc. v. VED Software Services, Inc.*, 204 F.R.D. 116, 118 (N.D. Ill. 2001). *See also Allan Block Corp. v. Cnty. Materials Corp.*, 512 F.3d 912, 915 (7th Cir. 2008) ("Failing to file a compulsory counterclaim . . . normally preclude[s] it [from] being made the subject of another lawsuit.")[4]

Federal courts usually interpret the meaning of the phrase "transaction or occurrence" liberally to further the policies of the Federal Rules in general, and Rule 13(a) in particular. *Jupiter Aluminum Corp.* 181 F.R.D. at 607. The most accepted method for determining whether a claim arises out of the same transaction or occurrence as the first claim is the logical relationship test: whether the subject matter of the two claims are logically related. *Id*. The purpose of Rule 13(a) is to prevent multiplicity of actions and to resolve all disputes arising out of common matters in a single lawsuit. *Id*. at 606.

In *Jupiter Aluminum Corp.*, insurers' counterclaim for return of a portion of a partial settlement payment for a loss, that exceeded an arbitrator's ultimate award, arose out of the same transaction, and was therefore compulsory, in an insured's declaratory relief action seeking to vacate the arbitrator's award. *Id*. at 608-09. The insured alleged that the award should be vacated

---

[4] The court in *Allan Block* announced a declaratory relief exception to the compulsory counterclaim rule. That exception does not apply here because *Allan Block* arose under federal res judicata law and there is no "declaratory judgment exception" in Illinois. *Cummins, Inc. v. TAS Distribg. Co., Inc.*, 676 F. Supp. 2d 701, 711 (C.D. Ill. 2009), aff'd, 700 F.3d 1329 (Fed. Cir. 2012). Here, Illinois' *res judicata* law governs the preclusive effect of declaratory relief action, as it was decided by this Court under Illinois law. *See Id*. Further the *Allan Block* exception applies when the only relief sought in the first suit is a declaratory judgment. Kinsey and Bellin each sought other relief. Kinsey sought an injunction against enforcement of the Wisconsin Judgment. Bellin asserted a claim against PIIC for breach of the covenant of good faith and fair dealing relating to the Thome Settlement.

because (1) plaintiff believed the procedure leading to the award was a nonbinding procedure and (2) even if binding, the arbitrator exceeded his authority and otherwise failed to follow the law. *Id.* at 606.

The insurers argued that the insured's claim arose under the Uniform Arbitration Act while the insurers' claim was based on the insurance policy. *Id*. at 608. In rejecting that argument, the court reasoned that in the cases cited by the insurers, the court considered factors such as whether the claims arose from different documents that were "totally unrelated" (*See Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804 F.2d 390, 397 (7th Cir.1986)), or whether the connection was "so insignificant that compulsory adjudication of both claims in a single lawsuit will secure few, if any, of the advantages envisioned in Rule 13(a)." *Id*. (citing *Burlington Northern Railroad Co. v. Strong*, 907 F.2d 707, 711 (7th Cir.1990) (internal citations omitted). The court in *Jupiter Aluminum Corp.*, reasoned that the original complaint and the counterclaim arose out of the same basic set of facts. *Id*. The insured was seeking declaratory relief vacating the umpire's award, and insurers were essentially seeking enforcement of that award by seeking return of the amount of money already paid to insured which exceeded it. *Id*. The facts of the underlying insurance claim and the arbitration hearing were relevant to both claims. *Id*.

Here, like in *Jupiter Aluminum,* there are two disputes that arose from the same documents (the 2016 Policy and the Thome Settlement) and the same transactions (settlement for Thome mid-trial and the ultimate verdict against Kinsey) albeit based on different legal theories and seeking different relief. The first dispute, that was finally adjudicated in the Dec Action, was whether Bellin's breach of contract judgment was a covered claim and therefore subject to the setoff provision in the Thome Settlement. The second dispute, which also arose from the 2016 Policy and the Thome Settlement, was whether the $1 million paid by PIIC in the Thome Settlement was

10

outside the policy and did not reduce the amount of coverage available for Kinsey or whether Bellin's claims against Kinsey and Thome were based on, or arose out of, the different acts or circumstances such that there were two separate claims.

Accordingly, Kinsey's claims in the instant lawsuit are barred under Illinois' red judicata doctrine and Rule 13(a). Kinsey's claims arise from a single group of operative facts, regardless of Kinsey's choice to assert different theories of relief in the Dec Action and the instant lawsuit.

**B.      In the alternative, Kinsey's claims in this lawsuit are barred by the rule against claim splitting.**

"The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Elmhurst Lincon-Mercury, Inc. Employees 401(k) Profit Sharing Plan & Tr. v. Mears*, 215 F. Supp. 3d 659, 665 (N.D. Ill. 2016). The principle that res judicata prohibits a party from later seeking relief on the basis of issues which might have been raised in a prior action also prevents a litigant from splitting a single cause of action into more than one proceeding. *Id*.; *Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995) ("Plaintiffs hope that more suits will improve their chances: they seek the better of the outcomes. To discourage the tactic, judges award plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation.").

A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions. *Scholz v. U.S.*, 18 F.4th 941, 951 (7th Cir. 2021). When a plaintiff brings a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory, claim splitting has occurred, and the suit cannot be maintained. *Id*. For claim splitting to apply, the legal theories for the claims in each case need not be the same provided they

11

are based on the same, or nearly the same, factual allegations. *Id* at 953. A final judgment is not required for the purposes of claim splitting. *Id*.

Here, as described above, Kinsey's claims against PIIC in the instant lawsuit arise from the same transaction and events in the Dec Action. The claims involve construction of the same documents (the 2016 Policy and the Thome Settlement) and the same events (the underlying Wisconsin lawsuit and PIIC's decision to pay the policy limits to release Mr. Thome and obtain a setoff for covered claims for Kinsey and Brad Kinsey). In fact, Kinsey made the same core allegations in the Dec Action that Kinsey relies on in the instant action: In its counterclaim in the Dec Action, Kinsey alleged that it did not provide its consent to settle and that PIIC waived its coverage defenses by failing to issue a reservation of rights letter. Exhibit 3 at 6-7 (¶¶6, 7, 9). Kinsey has improperly split its cause of action against PIIC.

## IV.     Conclusion

The doctrines of res judicata and claim splitting bar Kinsey's claims in this lawsuit because Kinsey's claims in this lawsuit were compulsory counterclaims in the underlying declaratory relief action. Kinsey cannot claim that it was unaware of the existence of those claims or was unable to assert those claims. Kinsey chose to impermissibly split its cause of action. For the foregoing reasons, PIIC respectfully requests this Court enter judgment on the pleadings in favor of PIIC and dismiss Kinsey's Complaint.

PIIC respectfully requests oral argument on all motions pursuant to Local Rule 78.3.

12

Respectfully submitted,

BROWN & JAMES PC

*/s/ Steven H. Schwartz*
Steven H. Schwartz, #62200688
sschwartz@bjpc.com
Brian D. Sableman #72104 (MO)
bsableman@bjpc.com
800 Market Street, 11th floor
St. Louis, Missouri 63101
Phone: (314) 421-3400
Fax: (314) 421-3128

ATTORNEYS FOR PHILADELPHIA
INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record for this matter.

Respectfully submitted,

*/s/ Steven H. Schwartz*

ATTORNEYS FOR PHILADELPHIA
INDEMNITY INSURANCE COMPANY

13